UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:19-cv-00478

**Crystal Allen,**
*Plaintiff,*

v.

**Wal-Mart Stores Texas, LLC,**
*Defendant.*

### ORDER

Before the court is defendant's motion for summary judgment. Doc. 20. Upon consideration of the moving papers and evidence, the court will **grant** the motion.

### Background

This case arises from an April 2018 slip and fall at a Walmart location in Palestine, Texas. Doc. 3. Plaintiff alleged, and defendant agreed, that (1) plaintiff was an invitee at the Walmart location in question on April 24, 2019; (2) defendant was the operator of that store on the date in question; and (3) while inside the store plaintiff slipped and fell on liquid on the floor. Docs. 3 at 2-3 & 20 at 1-2. Plaintiff alleged a negligence cause of action. Doc. 3.

Plaintiff originally brought suit in the 349th Judicial District Court of Anderson County, Texas. Defendant removed the case to this court on October 21, 2019, pursuant to the court's diversity jurisdiction. Doc. 1. The court has twice extended the parties' mediation deadline, and therefore, mediation has not occurred in this case. On July 14, 2020, defendant moved for summary judgment, arguing that there is no evidence of one or more essential elements of plaintiff's cause of action. Doc. 20. Plaintiff responded. Doc. 23. A reply was due by August 11, 2020, but none was filed.

## Legal standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014). A material fact is one that is likely to reasonably affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue is not genuine if the trier of fact could not, after an examination of the record, rationally find for the non-moving party. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). As such, the burden of demonstrating that no genuine issue of material fact exists lies with the party moving for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The court must view the evidence and take all reasonable factual inferences from the evidence in the light most favorable to the party opposing summary judgment. *Impossible Elecs. Techniques v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982). Accordingly, the simple fact that the court believes that the non-moving party will be unsuccessful at trial is insufficient reason to grant summary judgment in favor of the moving party. *Jones v. Geophysical Co.*, 669 F.2d 280, 283 (5th Cir. 1982).

Once the court determines that the movant has presented sufficient evidence that no genuine dispute of material fact exists, the burden of production shifts to the party opposing summary judgment. *Matsushita Elec. Indus., Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In establishing a genuine dispute of material fact, the party opposing summary judgment cannot rest on allegations made in their pleadings without setting forth specific facts establishing a genuine dispute worthy of trial. *Topalian v. Ehrman*, 954 F.2d 1125, 1132 (5th Cir. 1992). The non-moving party must demonstrate a genuinely disputed fact by citing to particular parts of materials in the record, such as affidavits, declarations, stipulations, admissions, interrogatory answers, or other materials; or by

showing that the materials cited by the movant do not establish the absence of a genuine dispute. Fed. R. Civ. P. 56(c)(1)(A)-(B). "Conclusory allegations unsupported by concrete and particular facts will not prevent an award of summary judgment." *Duffy v. Leading Edge Prods.*, 44 F.3d 308, 312 (5th Cir. 1995). Moreover, unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *See Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). The court may grant summary judgment against a party who cannot provide any evidence of an essential element of a claim on which that party will bear the burden of proof at trial. *Celotex Corp.*, 447 U.S. at 322-23.

## The evidence

With its motion, defendant submitted as Exhibit 1 the affidavit of Adam Harding, manager of the store in question. Doc. 20-1. He avers that assistant manager Samantha Love responded to the incident and created, or gathered information for, the records attached to his affidavit as Exhibits A through F. Exhibit A to the affidavit is a customer incident report created by Ms. Love. Exhibits B, C, and D to the affidavit are witness statements created at the time of the incident. Exhibit E to the affidavit is a video request form. Exhibit F to the affidavit is a black and white photo of the liquid taken after the incident. Finally, Exhibit G to the affidavit is a DVD of video of the surrounding area. Mr. Harding avers, and Exhibit E indicates, that there is no video available of the incident itself.

Defendant further submitted as Exhibit 2 an excerpt from the deposition of plaintiff. Doc. 20-2. Finally, defendant submitted as Exhibit 3 the affidavit of Jessica LaRue, attorney for defendant. Doc. 20-3. Attached as Exhibit A to that affidavit is a copy of plaintiff's first supplemental disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

With her response, plaintiff submitted as Exhibit A an excerpt from her deposition. Doc. 23-1. Plaintiff further

submitted as Exhibit B the same photo that defendant submitted, but in color and higher resolution. Doc. 23-2.

## Analysis

As a threshold matter, defendant asserts that because plaintiff's claims involve injury resulting solely from a condition on the premises, she is limited to a premises-liability theory of recovery, citing *Kroger v. Persley*, 261 S.W.3d 316, 319 (Tex. App. 2008). Doc. 20 at 3. Plaintiff did not respond to this argument.

The complaint alleges the following with regard to plaintiff's negligence cause of action: (a) defendant failed "to keep the premises safe;" (b) defendant failed "to warn plaintiff of the dangerous condition;" (c) defendant failed "to inspect the premises prior to allowing customers and invitees on the premises;" (d) defendant failed "to properly train its employees to look out and warn of dangerous conditions that existed with respect to the floor in question;" and (e) defendant failed "to use ordinary care to reduce or eliminate an unreasonable risk of harm created by the liquid in question, which defendant knew about, or in the exercise of ordinary care should have known about." Doc. 3 at 3. All of these except (d), clearly pertain to a premises-liability theory. But it appears that plaintiff does attempt to put forth a negligent-activity theory under (d).

In Texas, a negligent-activity theory is viable only if the plaintiff is injured as a contemporaneous result of the activity, rather than by a condition created by the activity. *Austin v. Kroger Texas, L.P.*, 465 S.W.3d 193 (Tex. 2015). Whereas premises liability is a nonfeasance theory, negligent activity is a malfeasance theory. *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 776 (Tex. 2010). A claim for negligent activity is submitted on a general-negligence question. *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 471 (Tex. 2017). Texas recognizes that almost all artificial conditions are necessarily created by an activity but has repeatedly refused to blur the lines between

negligent activity and premises liability, holding that an activity that creates a condition is not the kind of contemporaneous activity necessary for a negligent activity claim. *United Scaffolding*, 537 S.W.3d at 472; *Del Lago*, 307 S.W.3d at 776.

In *Austin v. Kroger*, the Texas Supreme Court reaffirmed that "when a claim does not result from contemporaneous activity, the invitee has no negligent-activity claim, and his claim sounds exclusively in premises liability." 465 S.W.3d at 215. The court did state, however, that an injury may have more than one proximate cause and a negligent-activity claim could exist on the same facts as a premises-liability claim. *Id.* at 216. So, negligent activity and premises liability may be raised in the same action on an appropriate fact pattern, but this is not an appropriate fact pattern. Plaintiff fails to allege an activity other than defendant's failure "to properly train its employees to look out and warn of dangerous conditions that existed with respect to the floor in question." Plaintiff fails to allege or provide evidence that this activity was occurring contemporaneously with her injury. Moreover, the allegation simply states an activity that created, or helped create, the dangerous condition that resulted in plaintiff's injury. Therefore, plaintiff's negligent-activity theory fails as a matter of law. The court will address the remainder of plaintiff's claim under the law of premises liability, as defendant and plaintiff both do in the moving papers.

The elements of a premises-liability cause of action in Texas are (1) that the defendant had actual or constructive knowledge of a condition on the premises; (2) that the condition posed an unreasonable risk of harm; (3) that the condition was concealed (not open and obvious); (4) that the plaintiff was not aware of the danger; (5) that defendant did not exercise reasonable care to make safe or warn against the unreasonably dangerous condition; and (6) that defendant's failure to use reasonable care proximately caused plaintiff's injuries.

*Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Only the first element is at issue here.

Without actual knowledge, there must be sufficient evidence to show that the condition had existed for long enough that the defendant should have discovered it through the exercise of reasonable care and inspection. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002). In other words, that the defendant had a reasonable opportunity to discover it. *Id.* Establishing the mere possibility that the condition had existed for the requisite amount of time or that it was possible for it to have been discovered is not sufficient to prove constructive knowledge. *Id*. at 816. In determining whether the defendant should have discovered the condition, the court may consider (1) the proximity of employees to the condition, (2) the conspicuousness of the condition, and (3) the length of time it existed. *Wal-Mart Stores, Inc. v. Spates*, 186 S.W.3d 566, 567-68 (Tex. 2006) (citing *Reece*, 81 S.W.3d at 816).

While the first two factors are instructive, the third is key because "without some temporal evidence, there is no basis upon which the factfinder can reasonably assess the opportunity the premises owner had to discover the dangerous condition." *Reece*, 81 S.W.3d at 816. "There must be some proof of how long the hazard was there before liability can be imposed on the premises owner for failing to discover and rectify, or warn of, the dangerous condition. Otherwise, owners would face strict liability for any dangerous condition on their premises, an approach [the Texas Supreme Court has] clearly rejected." *Id*. at 817.

As to the length-of-time factor, plaintiff's only evidence of when the spill occurred is the photo, which plaintiff claims shows that the water had track marks through it. Doc. 23-2. Plaintiff testified that she did not have a shopping cart with her at the time of the incident. Doc. 23-1. This evidence does contradict defendant's argument that "any track marks are likely the result of" the fall. Doc. 20 at 6. However, the Texas

Supreme Court has held that this kind of "dirty water" evidence is insufficient because of the equal-inferences rule. In one case, the court held that dirt in macaroni salad on which a plaintiff slipped was no evidence of the length of time the macaroni had been on the floor because that evidence could equally support either the inference that it had accumulated dirt over a long period of time or that it had been quickly contaminated. *Walmart v. Gonzales*, 968 S.W.2d 934 (Tex. 1998) (citing many cases with the same result as to various substances).

Plaintiff cited to a Texas case to support her argument, *Kofahl v. Randall's Food & Drugs, Inc.*, 151 S.W.3d 679 (Tex. App. 2004). Doc. 23 at 5. In that case, the puddle on which the plaintiff slipped was "very tacky and gummy" "around the edges" "as if the puddle was starting to dry up." *Kofahl*, 151 S.W.3d at 681. The court cited *Gonzales* and other cases applying the equal-inferences rule but distinguished those cases by emphasizing that the liquid in question was "drying around the edges" and was not "the same consistency throughout." *Id*. Therefore, the court held this to be more than a mere scintilla of temporal evidence. *Id*. at 682. That kind of evidence is simply not present in this case, and therefore the equal-inferences rule applies.

Plaintiff also cited to a Louisiana case, *Domangue v. Wal-Mart Stores, Inc.*, 665 So. 2d 779 (La. Ct. App. 1995), arguing that while that case "was decided under Louisiana law, this is a distinction without a difference" because "Louisiana applies the same constructive notice standard as Texas." Doc. 23 at 6. The difference is material, however, as the Louisiana court did not apply the equal-inferences rule, while a Texas court surely would have under the facts of the case. Therefore, this authority is not persuasive. Under Texas law, the track marks in the liquid are not temporal evidence and are no evidence of constructive knowledge.

Plaintiff did not argue or provide evidence for the proximity factor. Finally, as to conspicuousness, the parties agree that

the liquid was clear, but plaintiff argues that the photos tend to show that there was a large amount of liquid. The Texas Supreme Court has held that clear liquid on a light tile floor is not conspicuous. *Reece*, 81 S.W.3d at 816. But even assuming that the volume of clear liquid could bear on the conspicuousness of the clear liquid, this is no evidence of constructive knowledge without "temporal evidence" providing "some proof of how long the hazard was there." *Id.*, 81 S.W.3d at 816-17. There is no such evidence in this case, and therefore there is no evidence of constructive knowledge and plaintiff's claim must fail.

## Conclusion

Defendant has carried its burden to show that plaintiff has no evidence of one or more elements of plaintiff's cause of action and has shown that it is entitled to judgment as a matter of law. Plaintiff has failed to rebut that showing with competent summary judgment evidence, as is her burden. Therefore, the court **grants** defendant's motion for summary judgment (Doc. 20) and will render its judgment by separate instrument.

*So ordered by the court on August 18, 2020.*

J. CAMPBELL BARKER
United States District Judge